UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

AGUSTIN JIMENEZ,
LEOPOLDO JIMENEZ,
GINDER RIVERA LOPEZ,
EVERARDO ESTRADA TORRES and
OMAR ARREGUIN NUNEZ,
on behalf of themselves
and all others similarly situated

                Plaintiffs,

v.                            Case No.

ILLINI PRECAST, LLC and
CRAIG WEGENBACH,

                Defendants.

## COMPLAINT

Plaintiffs, Agustin Jimenez, Leopoldo Jimenez, Ginder Rivera Lopez, Everardo Estrada Torres and Omar Arreguin Nunez, on behalf of themselves and all others similarly situated, allege as follows:

### NATURE OF THE CASE

1. This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to account for and collect unpaid overtime due the Plaintiffs as a result of their improper classification by the Defendants as exempt from overtime requirements under the FLSA. The Defendants misclassified the Plaintiffs as either a shift "Supervisor" or a shift "Foreman" and paid them a salary, and not hourly wages, despite the fact that the Plaintiffs' primary job duties consist of performing repetitive operations with their hands, physical skills and energy, performing

ordinary production work, and working side by side with the employees they supervise.

2. Due to the Defendants' misclassification of the Plaintiffs, the Defendants have failed to properly pay the Plaintiffs for all of the time they required them to work, systemically denying the Plaintiffs their earned wages and overtime compensation through their company-wide policies and practices that violate the FLSA.

3. Plaintiffs seek to represent other current and former shift Supervisors and Foremen employed by the Defendants in this collective action alleging that the Defendants misclassify shift Supervisors and Foremen and fail to pay overtime wages as required by the FLSA. Plaintiffs seek relief from the court in the form of unpaid wages, liquidated damages, attorneys' fees, and costs of suit.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this matter under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a). The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, in that during all times material hereto, the Defendants employed the Plaintiffs and engaged in a business affecting commerce within the Eastern District of Wisconsin.

## TRIAL BY JURY IS DEMANDED

5. The Plaintiffs demand that their claims be tried to a jury of their peers.

## PARTIES

6. Plaintiff, Agustin Jimenez, is an adult male and currently resides at 343 Joan Street, Burlington, Wisconsin. Agustin Jimenez was employed by the Defendants as a "Loading Supervisor" at its production facility in Burlington, Wisconsin.

7. Agustin Jimenez's primary job duties consisted of working alongside a crew of employees and loading pre-cast concrete pieces onto trailers for delivery to job sites as directed exclusively by management. Agustin Jimenez's job duties required him to perform repetitive operations with his hands, physical skills and energy. Agustin Jimenez was regularly engaged in the performance of ordinary production work, and he regularly worked side by side with the employees he was supervising.

8. Agustin Jimenez duties did not include ensuring the proper loading of the Defendants' motor vehicles so that they would be safely operated. Agustin Jimenez had no discretion as to what to load or how much to load. Agustin Jimenez did not perform mathematical computations to determine whether trucks were overloaded or had the proper load distribution.

9. Agustin Jimenez has worked substantial hours of overtime and has not been properly paid for working overtime hours.

10. Plaintiff, Leopoldo Jimenez, is an adult male and currently resides at 358 Joan Street, Burlington, Wisconsin. Leopoldo Jimenez is employed by the Defendants as a "Production Supervisor" at its production facility in Burlington, Wisconsin.

11. Leopoldo Jimenez's primary job duties consist of working alongside a crew of employees setting up concrete forms, pouring concrete into the forms and finishing the poured concrete. Leopoldo Jimenez's job duties require him to perform repetitive operations with his hands, physical skills and energy. Leopoldo Jimenez is regularly engaged in the performance of ordinary production work, and he regularly works side by side with the employees he is supervising.

12. Leopoldo Jimenez has worked substantial hours of overtime and has not been properly paid for working overtime hours.

13. Plaintiff, Ginder Rivera Lopez, is an adult male and currently resides at 143 South Pine Street, Apt. 2, Burlington, Wisconsin. Ginder Rivera Lopez is employed by the Defendants as a "Production Foreman" at its production facility in Burlington, Wisconsin.

14. Ginder Rivera Lopez's primary job duties consist of working alongside a crew of employees setting up concrete forms, pouring concrete into the forms and finishing the poured concrete. Ginder Rivera Lopez's job duties require him to perform repetitive operations with his hands, physical skills and energy. Ginder Rivera Lopez is regularly engaged in the performance of ordinary production work, and he regularly works side by side with the employees he is supervising.

15. Ginder Rivera Lopez has worked substantial hours of overtime and has not been properly paid for working overtime hours.

16. Plaintiff, Everardo Estrada Torres, is an adult male and currently resides at 7915 17th Street, Kenosha, Wisconsin. Everardo Estrada Torres is employed by the Defendants as a "Patching Foreman" at its production facility in Burlington, Wisconsin.

17. Everardo Estrada Torres' primary job duties consist of working alongside a crew of employees inspecting, grinding, patching and repairing precast concrete pieces following their removal from their forms. Everardo Estrada Torres' job duties require him to perform repetitive operations with his hands, physical skills and energy. Everardo Estrada Torres is regularly engaged in the performance of ordinary production work, and he regularly works side by side with the employees he is supervising.

18. Everardo Estrada Torres has worked substantial hours of overtime and has not been properly paid for working overtime hours.

19. Plaintiff, Omar Arreguin Nunez, is an adult male and currently resides at 2414 Pioneer Drive, Beloit, Wisconsin. Omar Arreguin Nunez is employed by the Defendants as a "Loading Foreman" at its production facility in Burlington, Wisconsin.

20. Omar Arreguin Nunez's primary job duties consist of working alongside a crew of employees loading pre-cast concrete pieces onto trailers for delivery to job sites, moving forms around the production facility, and operating loaders and cranes.

21. Omar Arreguin Nunez's duties do not include ensuring the proper loading of the Defendants' motor vehicles so that they will be safely operated. Omar Arreguin Nunez has no discretion as to what to load or how much to load. Omar Arreguin Nunez does not perform mathematical

computations to determine whether trucks are overloaded or have the proper load distribution.

22. Omar Arreguin Nunez's job duties require him to perform repetitive operations with his hands, physical skills and energy. Omar Arreguin Nunez is regularly engaged in the performance of ordinary production work, and he regularly works side by side with the employees he is supervising.

23. Omar Arreguin Nunez has worked substantial hours of overtime and has not been properly paid for working overtime hours.

24. At all times material hereto, the Plaintiffs are current or former employees of the Defendants as that term is defined pursuant to 29 U.S.C. § 201.

25. Defendant, Illini Precast, LLC, ("Illini Precast") is registered with the Wisconsin Department of Financial Institutions as a Foreign limited liability corporation with its principal office at 2255 Enterprises Drive, #5501, Westchester, Illinois. Illini Precast, LLC operates four production facilities located in Burlington, Wisconsin, Marseilles, Illinois, Romeoville, Illinois and Speed, Indiana.

26. Illini Precast does business in the State of Wisconsin as "KW Precast" and has a manufacturing facility located at 472 West Market, Burlington, Wisconsin. At all times relevant hereto, Illini Precast was an employer engaged in an industry affecting commerce, and has been a covered entity under the FLSA pursuant to 29 U.S.C. §§ 201, *et seq.*

27. Defendant, Craig Wegenbach, is the Chief Executive Officer, co-owner, and operator of Illini Precast. Among other things, Defendant Wegenbach has the authority to hire and fire employees, the authority to direct and

supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures. Defendant Wegenbach is the Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d).

## FACTUAL ALLEGATIONS

28. Plaintiffs, on behalf of themselves and all others similarly situated, re-allege the allegations set forth above.

29. Illini Precast, LLC manufactures precast concrete component pieces, which are poured, smoothed, textured and dried at their business location and transported to construction sites for use in the building of bridges, parking structures, and buildings. The precast component pieces are enormous and can range from 12-by-60 feet to up to 120 feet long.

30. Illini Precast employs approximately 150 people at the production facility located in Burlington Wisconsin, and numerous employees at its three other production facilities in Illinois and Indiana.

31. Illini Precast employs working "Supervisors" and "Foremen" assigned to specific work shifts to help set-up, pour, smooth, repair and load these large precast concrete pieces for shipment to customers. The Plaintiffs, and other similarly situated individuals, were/are employed by the Defendants as working shift "Supervisors" and "Foremen" for particular work shifts at the Burlington, Wisconsin production facility.

32. Plaintiff Leonardo Jimenez has been required by the Defendants to travel from his home in Burlington, Wisconsin to work at the Defendants' production facility located in Romeoville, Illinois. While working at the

Defendants' Romeoville, Illinois production facility, Leonardo Jimenez performed welding work assembling concrete forms, which is non-exempt work under the FLSA. Leonardo Jimenez worked substantial hours of overtime at the Defendants' Romeoville, Illinois production facility and has not been properly paid for working overtime hours.

33. The Defendants misclassified the Plaintiffs as exempt from overtime pay under the FLSA because the Plaintiffs' job duties require them to perform repetitive operations with their hands, physical skills and energy. The Plaintiffs are regularly engaged in the performance of ordinary production work, and regularly work side by side with the employees they supervise.

34. The Plaintiffs regularly work long work shifts in excess of eight hours per day based on assignments, and regularly work more that 40 hours per week, including working on Saturdays.

35. The Defendants fail to document the hours worked by the Plaintiffs and do not pay the Plaintiffs and other shift Supervisors and Foreman time and half for any hours worked over 40 hours per week. The Defendants' nonpayment of overtime wages violates the FLSA and the Plaintiffs are entitled to back wages as a result of the Defendants' conduct.

36. The Defendants do not permit its shift Supervisors and Foremen to take longer than one-half hour for a meal breaks during their shifts and requires shift Supervisors and Foreman to complete all assignments before being allowed to leave work for the day.

37. Plaintiffs are informed and believe that the Defendants maintain a policy and practice of misclassifying some or all of its working shift Supervisors

8

and Foremen at all of its production facilities as exempt under the FLSA and does not pay them earned overtime wages.

38. Plaintiffs bring this action as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and a proposed collection of similarly situated employees defined as: All current and former shift Supervisors and Foremen employed by Illini Precast at all production facilities within the last three years.

39. Plaintiffs, individually, and on behalf of other similarly situated employees defined above, seek relief on a collective basis challenging the Defendants' policy and practice of misclassifying shift Supervisors and Foreman as exempt from the FLSA's overtime requirements and failing to properly pay Supervisors and Foreman for all hours worked, including overtime compensation.

40. The number and identity of other similarly situated persons yet to opt-in and consent to be party plaintiffs may be determined from the records of Illini Precast and potential opt-ins may be easily and quickly notified of the pendency of this action.

41. Plaintiffs' signed Consent Forms to join this action are attached as Exhibit 1.

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

42. Plaintiffs, on behalf of themselves and all others similarly situated, re-alleges the allegations set forth above.

43. At all times material herein, Plaintiffs and similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§201, *et seq.*

9

44. The FLSA regulates, among other things, the payment of overtime pay by employers engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. The Defendants are subject to the requirements of the FLSA because collectively they are an enterprise engaged in interstate commerce and their employees are engaged in commerce.

45. Plaintiffs and all similarly situated employees are victims of the Defendants' uniform and company-wide policies and practices that violate the FLSA. The Defendants have violated the FLSA by, among other things, misclassifying shift Supervisors and Foremen as exempt from overtime pay and requiring them to work more than 40 hours per week without compensating them for overtime at one-and-one half times the employees' regular rates of pay. These policies and practices are in violation of the FLSA and have been applied to shift Supervisors and Foremen employed by the Defendants.

46. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from the FLSA's overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs and similarly situated shift Supervisors and Foremen.

47. Plaintiffs and all similarly situated employees are entitled to damages equal to the unpaid overtime pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because the Defendants acted willfully and knew or showed reckless disregard for whether this conduct was prohibited by the FLSA.

48. The Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages in this action, and/or prejudgment interest at the applicable legal rates. 29 U.S.C. §216(b).

49. As a result of the aforesaid violations of the FLSA's provisions, compensation has been unlawfully withheld by the Defendants from Plaintiffs and all similarly situated employees. Accordingly, the Defendants are liable, jointly and severally, for all unpaid wages, together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys fees, and costs of this action. 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of a proposed collection of all other similarly situated, prays for relief as follows:

A. An order certifying that this action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the opt-in FLSA collection, apprising them of the pendency of this action, and permitting them to "opt-in" and assert timely FLSA claims;

B. Judgment declaring that the actions of the Defendants described herein have violated the Plaintiffs' FLSA rights under 29 U.S.C. §§ 201, *et seq.*;

C. Judgment against Defendants, jointly and severally, awarding damages for all wages, employment benefits and other compensation lost by reason of the violation;

D. Judgment against the Defendants, jointly and severally, awarding Plaintiffs costs, disbursements, prejudgment interest, and actual attorney's fees incurred in prosecuting this claim, together with interest on said attorney's fees;

E. Liquidated damages;

F. Pre- and post-judgment interest;

G. Injunctive and declaratory relief to prohibit the unlawful acts, policies, and practices alleged herein, and

H. Any other relief this Court deems necessary and just.

Dated this 5th day of October 2019.

s/ Robert M. Mihelich
Robert M. Mihelich
State Bar No. 1022106
Attorney for Plaintiffs
LAW OFFICES OF ROBERT M. MIHELICH
2665 S. Moorland Road, Ste. 200
New Berlin, WI 53151
Phone: (262) 789-9300
Email: attyrmm@bizwi.rr.com