# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AGUSTIN JIMENEZ, LEOPOLDO
JIMENEZ, GINDER RIVERA LOPEZ,
EVERARDO ESTRADA TORRES, and
OMAR ARREGUIN NUNEZ,

Case No. 19-CV-1623-JPS

Plaintiffs,

v.

**ORDER**

ILLINI PRECAST LLC and CRAIG
WEGENBACH,

Defendants.

Before the Court is Plaintiffs' motion to for leave to file their third amended complaint. (Docket #40). Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts favor granting leave to amend, but they act within their discretion to deny such leave when there is a substantial reason to do so. *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1216 (E.D. Wis. 1993). Such reasons include undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002). The Court of Appeals has stressed that Rule 15(a)(2) announces a "liberal amendment policy." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 521 (7th Cir. 2015).

This case has been pending since November 5, 2019. The Court is cognizant of the delays and postponements caused by the COVID-19 pandemic. Further, this case was referred to mediation, but such efforts by the parties to resolve this case by mediation failed—namely because Defendants failed to appear for mediation. (Docket #34). The Court will count neither of these delays against Plaintiffs. However, as Defendants discuss, Plaintiffs extended out and cancelled depositions and discovery deadlines multiple times. (Docket #43 at 8–9). Some of these cancelations are understandable (e.g., where Plaintiffs canceled depositions that were scheduled to take place the week before mediation, (Docket #45 at 2)). However, after the failed mediation attempt in September 2020, it took Plaintiffs until February 2021 to complete their depositions. (Docket #41 at 4). It appears that Plaintiffs cancelled depositions during this time and filed an amended complaint. (Docket #43 at 3–5). The present motion was not filed until April 2021. (Docket #40). Further, after the present motion was filed, Plaintiffs submitted a "letter" with a fourth proposed amended complaint, noting that the parties had resolved liability as to one of the entities proposed as a new defendant in Plaintiffs' third amended complaint. (Docket #48).

Plaintiffs are correct that the Court previously vacated its trial scheduling order and, as it nearly always does out of standard practice, declined to adopt the parties' joint scheduling agreement. But this was a result of the uncertainty created by COVID-19 and the Court's usual avoidance of setting discovery deadlines[1]—it was not an invitation to draw

---

[1] After 35 years on the bench, the Court has found that entering discovery deadlines is unhelpful and creates more work as parties are prone to extend and negotiate their deadlines as a case proceeds. Thus, the only two dates of moment

Page 2 of 3
Case 2:19-cv-01623-JPS   Filed 01/19/22   Page 2 of 3   Document 52

out discovery and to file amended complaint after amended complaint. Discovery may have revealed that additional defendants should have been named in Plaintiffs' complaint, but the depositions that revealed this did not need to wait until early 2021.

In light of the above, the Court will deny Plaintiffs' motion to file its third amended complaint. To get this case back on track, the Court will also issue a scheduling order setting a dispositive motions cutoff date of Monday, May 2, 2022. Should a trial be necessary in this case, it will occur in August 2022. The parties should take care to read, reread, and study the forthcoming order with care, as it provides a set of requirements and guidelines for filing dispositive motions, including a meet-and-confer obligation.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for leave to file a third amended complaint (Docket #40) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2022.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

to the Court are the dispositive motions deadline and the trial date. The parties are free to conduct discovery within these deadlines as they see fit.